DISSENTING OPINION
The record is clear that the defendant did not understand the magnitude of the proceedings he was involved in during his change of plea. The defendant's confusion while waiving his constitutional rights was both ignored and amplified by the trial court.
When the court inquired about whether his attorney had promised him a specific sentence, appellant answered "not really." Upon further inquiry by the court, the following exchange occurred:
The Court: "Well, what do you mean, `Not really'?
 Appellant: "He said five to twenty-five I could get off this sentence.
 The Court: "WELL THAT'S CORRECT. Anything else? Did he say anything else?
Appellant: "No, sir."
As appellant correctly points out, he was mistaken about his possible sentence, as is readily apparent by his actual sentence of TWENTY-FOUR TO SIXTY-FIVE YEARS rather than five to twenty-five years. The trial court did nothing at that point to dispel appellant's mistaken notion and actually reinforced it. The court later explained the maximum sentences for each count and the possibility of consecutive sentences. It did not, however, directly contradict its statement about appellant getting five to twenty-five years. Under the circumstances, it is possible that appellant believed that the court would sentence him to less time than the maximum due to willingness to admit his behavior and avoid a trial and that the court was merely informing him what the maximum sentence could have been. Because the trial court failed to clear up appellant's misconception about his sentence, appellant was not fully informed about the proceedings against him. Appellant's second assignment of error should be sustained.
 _________________________ JUDGE WILLIAM M. O'NEILL